# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JEFFREY FRAZIER,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0380** (BOR Appeal No. 2053513)
                    (Claim No. 2016018842)

**MATO CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey Frazier, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Mato Corporation, by Counsel Noah A. Barnes, filed a timely response.

The issue on appeal is permanent partial disability benefits. By Order of April 27, 2017, the claims administrator determined that Mr. Frazier was fully compensated for his compensable injury and was not entitled to an additional permanent partial disability award. On October 11, 2018, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated March 22, 2019, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Frazier was employed as a warehouse manager for Mato Corporation and sustained an injury to his left foot on January 21, 2016. He was treated at MedExpress on January 24, 2016, and was diagnosed with left foot contusion. He underwent an x-ray of his left foot which showed no acute bony abnormality. By Order dated January 28, 2016, the claim was held compensable for a left foot contusion.

On March 3, 2016, Mr. Frazier attended an evaluation with neurologist, Barry Vaught, M.D. Dr. Vaught noted that Mr. Frazier reported that his problems began when a steel plate was

1

dropped, and it bounced and hit his left foot. Imaging showed no fractures. Dr. Vaught released Mr. Frazier to return to work with the restriction that he could work a full eight hour day but could spend only two hours per day on his feet walking or standing. Dr. Vaught recommended that he not use a standing forklift as the design seems to aggravate the worst area of his left foot. Mr. Frazier was also limited to lifting no more than thirty pounds.

Mr. Frazier underwent an MRI of his left foot on March 28, 2016, at Raleigh General Hospital. The MRI revealed osteoarthritic changes of the first metatarsophalangeal joint with spurring of the proximal phalanx and the first metatarsal head. There were abnormalities of the proximal phalanx of the great toe with a bone cyst and there were osteoarthritic changes at the distal interphalangeal joints with near fusion of the third digit. There was also some subcutaneous edema with mild fibrosis adjacent to the first and fifth metatarsals.

Joseph E. Grady II, M.D., examined Mr. Frazier for an independent medical evaluation on May 14, 2016. In his report, Dr. Grady noted that the compensable condition was a left foot contusion. It was found that Mr. Frazier had reached his maximum degree of medical impairment for his foot injury. Based on the American Medical Association's, *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) Dr. Grady found 0% impairment for the range of motion of the involved area. The only ratable impairment Dr. Grady found on examination was for Mr. Frazier's subjective sensory abnormalities involving the dorsum of the left foot. It was classified as Grade III sensory abnormality for roughly 50% sensory deficit by Table 11 of the *Guides*, and when multiplied by the value for the superficial perineal nerve on Table 68, it amounted to 1% impairment of the whole person. Dr. Grady found no dysesthesia on examination and no other ratable criteria for the compensable injury. Dr. Grady's final recommendation was 1% whole person impairment for the foot injury in the claim.

In his January 10, 2017, independent medical evaluation, A. E. Landis, M.D., noted that Mr. Frazier sustained a contusion-type injury to his left forefoot as a result of his compensable injury. Dr. Landis reviewed the medical records, treatment notes, and the MRI scan from Raleigh General Hospital. He also conducted a physical examination of Mr. Frazier and concluded that he sustained a contusion of the left forefoot. Dr. Landis found no evidence of complex regional pain syndrome and determined that he reached his maximum degree of medical improvement for the compensable injury. Dr. Landis noted that a majority of Mr. Frazier's symptoms in his left foot were coming from advanced degenerative changes in the first metatarsal phalangeal joint, which was not caused by the injury. Dr. Landis opined that the condition was possibly aggravated to some extent by the injury in the claim. The only ratable condition found by Dr. Landis was related to aggravation of preexisting degenerative changes in the great toe, and he assigned a 1% impairment rating. Dr. Landis recommended aggressive exercises, stretching, walking, and a return to work without restrictions, except for comfortable shoes and nonsteroidal anti-inflammatory medication such as Meloxicam 15.

By Order dated February 16, 2017, the claims administrator denied a request for Carbamazepine on the basis of the IME report by Dr. Landis in which he advised that no further treatment was needed for the compensable injury other than the anti-inflammatory medication Meloxicam. Mr. Frazier protested the claims administrator's decision.

On April 27, 2017, based on the January 10, 2017, independent medical evaluation of Dr. Landis, the claims administrator found that Mr. Frazier was fully compensated for his workers' compensation injury, and he was not entitled to any additional permanent partial disability award. The claims administrator determined that the 1% permanent partial disability impairment rating assigned by Dr. Grady on May 24, 2016, was appropriate. Mr. Frazier protested the claims administrator's decision.

Prasadarao B. Mukkamala, M.D., in his independent medical evaluation, of June 23, 2017, noted that Mr. Frazier had reached his maximum degree of medical improvement and should be able to return to work without any restrictions. Dr. Mukkamala concluded that he sustained a contusion of the left foot, for which Mr. Frazier requires no further treatment, including a prescription for Carbamazepine and/or pain management. Dr. Mukkamala did not find any evidence of reflex sympathetic dystrophy[1]. With regard to permanent impairment, Dr. Mukkamala concluded that Mr. Frazier qualifies for 1% whole person impairment.

In an independent medical evaluation report dated December 15, 2017, Robert B. Walker, M.D., found that Mr. Frazier's numbness and pain were neurological in origin and represent complex regional pain syndrome. Dr. Walker indicated that Mr. Frazier met the standard for the Budapest Criteria and recommended 13% whole person impairment. Dr. Walker determined there was no evidence of preexisting conditions on which to base apportionment.

Bruce A. Guberman, M.D., by independent medical evaluation, reported on February 5, 2018, that Mr. Frazier rated at 12% whole person impairment. Dr. Guberman reached this recommendation by rating the non-compensable condition of neuralgia, as well as complex regional pain syndrome, which has not been requested to be added to the claim.

The West Virginia Supreme Court of Appeals issued a Memorandum Decision dated November 2, 2018, affirming claims administrator Orders dated March 17, 2017, and March 20, 2017, denying the addition of neuralgia, neuritis, and left foot pain to the claim. *Frazier v. Mato Corporation*, No. 18-0473 (W.Va. Supreme Court, November 2, 2018) (memorandum decision). The Court noted that there "is no indication the claimant suffers from neuralgia/neuritis and that left foot pain is merely a symptom." Therefore, the Court affirmed the Board of Review's Order dated April 24, 2018.

In a decision dated October 11, 2018, the Office of Judges affirmed the claims administrator's Order of April 27, 2017, finding Mr. Frazier to be fully compensated at 1% permanent partial disability. The Office of Judges found the reports of Drs. Grady, Landis, and Mukkamala to be persuasive because each rated only the compensable conditions in the claim. The Office of Judges found that the independent evaluations of Drs. Walker and Guberman included ratings for neurological conditions not accepted as compensable components in the claim. Based upon the opinions in the claim, the Office of Judges concluded that it is more likely than not that Mr. Frazier does not have more than the 1% impairment for which he has been previously

---

[1]Reflex sympathetic dystrophy is also known as complex regional pain syndrome.

3

compensated. Accordingly, the Office of Judges affirmed the claims administrator's decision. The Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed the October 11, 2018, Order.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The Office of Judges found that Mr. Frazier has been fully compensated at 1% permanent partial disability. Accordingly, the Board of Review was correct to affirm the decision of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison